WESTERN SURETY CO., Respondent, v. DOUGHERTY, et al, Appellants.

(225 N. W. 861.)

(File No. 6588. Opinion filed August 3, 1929.)

*Miller & Shandorf,* of Mitchell, for Appellants.
*Kirby, Kirby & Kirby,* of Sioux Falls, for Respondent.

BROWN, J.   Defendants are husband and wife, and from October, 1921, until October, 1925, defendant M. P. Dougherty was president of Winner National Bank.   The bank closed and was taken over by the Comptroller of the Currency on October 23,

1925. While it was a going concern plaintiff executed a surety bond for $5,000 to secure deposits of the Old Line Life Insurance Company, and also executed a surety bond in the sum of $4,000 to secure deposits of Riley school district No. 41. When the bank suspended the insurance company had on deposit the sum of $2,000 and the school district the sum of $4,000, which sums plaintiff was called upon to pay and did pay. On receiving such payment the insurance company and school district assigned their respective claims against the bank to plaintiff and the receiver appointed by the Comptroller issued to plaintiff a certificate for $2,000 on the insurance company's claim and a certificate for $4,000 on the school district's claim, on which certificates dividends amounting to $900 had been paid at the time of the trial. To indemnify plaintiff for executing the depository bonds defendants conveyed to plaintiff by warranty deed lot 1 in block 47 in Capital addition to the city of Mitchell, and this action was brought to foreclose the lien of the security given by such deed. From a judgment for $5,100, with interest and costs, and for foreclosure of the lien, and from an order denying a new trial, defendants appeal.

■ Appellants contend that plaintiff's acceptance of the receiver's certificates was payment in full of the liability plaintiff had incurred under the bonds, because the evidence shows that the uncollected assets of the bank are sufficient to pay in full all its obligations, including the certificates, and that the bonds have therefore been exonerated; and, further, that if this contention should not be sustained, plaintiff is not in a position to foreclose the mortgage at this time, because the deed itself provides that when the bonds are exonerated the property should be deeded back to the grantors, and, since no time is fixed for the exoneration of the bonds, the grantors are entitled to a reasonable time in which to accomplish such exoneration, and this they have not been given. Neither of these contentions can be sustained. When plaintiff paid the amount of the deposits secured by its bonds it was entitled to be subrogated to the rights of the depositors in the deposits, but only as security for reimbursement for the amounts it had paid, with interest, and the acquisition of such security did not in any manner impair its right to enforce the security of the deed.

■■ The contention of appellants that plaintiff should be required to await the collection of the uncollected assets of the bank

in order that it be ascertained whether or not the receiver's certificates can be paid in full before plaintiff can resort to the foreclosure of its lien under the deed is plainly untenable. Plaintiff has a right to resort to any security that it has for reimbursement of the amount it has paid as surety under the bonds. If the property described in the deed should sell for more than the balance due plaintiff, plaintiff would have to account for the excess to appellants and also would have to turn over to appellants the receiver's certificates. If, on foreclosure, the property described in the deed should sell for less than the amount due plaintiff and further dividends should be paid on the receiver's certificates, plaintiff would be entitled to no more of such dividends than would pay the balance due on its judgment, with interest, and, upon that being paid, would have to surrender the certificates to appellants.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY and BURCH, JJ., concur.

CAMPBELL, J., not participating.